54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph L. SILVERBURG, Plaintiff-Appellant,
v.
Kathy McDANIEL, Unit-A Director; Louden, Correctional
Officer; Harbin, Correctional Officer; Al C.
Parke, Warden, Defendants-Appellees.
 Nos. 93-6565, 94-5214.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Joseph L. Silverburg, a Kentucky pro se prisoner, appeals district court orders dismissing his case filed under 42 U.S.C. Sec. 1983, and denying four post-judgment motions. These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In May of 1990, Silverburg was transferred from the Blackburn Correctional Complex (BCC), a minimum security correctional facility, to the Kentucky State Reformatory (KSR), and reclassified into a medium security level. Upon his transfer to KSR, Silverburg was placed in administrative segregation status pending a psychological evaluation. In 1991, Silverburg was transferred to the Eastern Kentucky Correctional Complex (EKCC), maintaining the same medium security level as he had at KSR. In his complaint, Silverburg alleged that, when the defendants transferred him and increased his security level, these state correctional officers violated his civil rights by doing so in a racially discriminatory manner and with retaliatory motives, because Silverburg had filed prior civil rights suits against other state correctional officers.
 
 
 4
 In an order denying the defendants' motion for summary judgment, the district court recognized that a prisoner has no inherent constitutional right to be free from transfer from one prison facility to another. Olim v. Wakinekona, 461 U.S. 238 (1983). The court also noted that a liberty interest in remaining free from such a transfer can be found only if the state law has used "explicitly mandatory language" preserving that interest. Hewitt v. Helms, 459 U.S. 460 (1983); Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989). However, the court denied the motion for summary judgment, because it found a genuine issue of material fact concerning the prison classification committee's decision to place an override of eight on Silverburg's record after assigning him a custody score of seven during two of Silverburg's reclassification hearings.
 
 
 5
 After a bench trial, the district court concluded that the reason Silverburg was transferred from BCC to KSR was because the officials had information from other BCC inmates showing that Silverburg had issued certain threats, had made statements indicating that he could carry out the threats, and had created "racial conflict" within BCC concerning BCC staff members. The district court relied, partially, upon a confidential report revealed to the court at the trial. The court noted that the question of whether the information in the confidential report was accurate was not vital if the correctional officials who transferred Silverburg actually believed that the information contained therein was true. See Hensley v. Wilson, 850 F.2d 269, 276-83 (6th Cir. 1988). In its order denying Silverburg's several post-judgment motions, the court noted that it was within its discretion to assess the credibility of witnesses and the reliability of the confidential information used by the prison classification committee, to decide the case in the defendant's favor.
 
 
 6
 On appeal, Silverburg presents the following arguments: 1) the district court failed to consider his "First Amendment rights to petition the courts," because the officials retaliated against him for exercising his right to file a Sec. 1983 suit; 2) the district court failed to allow him to confront and cross-examine more witnesses and to allow him to present witnesses on his own behalf during the trial; 3) the accusations that he was engaged in questionable activities at BCC warranting his transfer were a pretext for the defendants' discriminatory actions; 4) at the bench trial, the district court permitted the defendants to use "bad acts, character and hearsay evidence" that could not be substantiated; 5) the district court judge was racially biased so that Silverburg was given an unfair trial; and 6) Silverburg was denied due process when placed in segregation without a hearing.
 
 
 7
 Under Fed. R. Civ. P. 52(a), the district court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Under this Rule, this court reviews the district court's findings of fact only for clear error and may overturn those findings only when the court is left with the "definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Upon review of the pleadings and of the bench trial transcript, this court concludes that the district court did not commit clear error in dismissing Silverburg's case, for the reasons stated by that court. The testimony clearly supports the district court's conclusion that Silverburg's transfer were not ordered on the basis of race discrimination or with retaliatory motives for his filing lawsuits in the past. Further, there is no merit to Silverburg's remaining arguments that he presented in support of his post-judgment motions for relief.
 
 
 8
 Accordingly, the district court's orders dismissing this case and denying the plaintiff's post-judgment motions are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation